

# THE ATTORNEY GENERAL

# OF TEXAS

Gerald C. Mann
XWIXXxWHX4XXXX
ATTORNEY GENERAL

AUSTIN 11, TEXAS

Honorable George H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

Opinion No. 0-2290
Re: Are earned fees by sheriff
in criminal cases and un-
collectible by reason of
Article 1027, C. C. P., "de-
linquent fees" when collected
more than a year after sheriff
retires from office? Applicabil-
ity of Article 3892, Vernon's Anno-
tated Civil Statutes, modifying in
part opinion No. 0-1679.

We have your request for an opinion of this department under
date of April 25, referring us to our opinion No. 0-1679, which request
reads as follows:

"The Sheriff of Parker County, in 1938, earned certain
fees in criminal cases that could not be collected because
Article 1027, C. C. P., provides that, '. . . such fees shall
not be paid until the case is finally disposed of.' The cases
governing the fees in this claim were not disposed of until
1940, more than a year after the Sheriff had retired from
office.

"Are these fees to be defined as delinquent fees?

"If they are not defined as delinquent fees, then is the
ex-Sheriff now entitled to receive from the present Sheriff
such fee when paid by the State of Texas?"

The above request is by reference, a fact interpretation of the last
or fourth question contained and answered in opinion No. 0-1679 and for the .
purpose of clarifying this opinion, we deem it pertinent to set forth the rele-
vant portions pertaining to such questions. We quote from No. 0-1679 as fol-
lows:

"'In felony cases where punishment may be assessed as fine or jail sentence, the State pays no fees to any officer prior to final disposition. A sheriff performs certain service in such case, but the case is pending and therefore fee is not payable prior to the time he retires from office. Subsequent to the time he retires from office the case is dismissed or otherwise disposed of other than fine or jail sentence, and fee becomes payable. Should the officer who earned the fee file claim or should it be collected by his successor?

"'Suppose the above mentioned case was continued for more than twelve months from the time the sheriff retired and was then dismissed --the fee was earned but did not become payable-- would article 3892, R. C. S. preclude payment to the sheriff and require that the present sheriff collect from the State and deposit with the county treasurer?'"

In answer to the above question, we held:

". . . If such fees are collected within one year after the retiring officer has ceased to hold office, the officer to whose office the fees accrued shall collect them from the State and deposit such fees with the county treasurer."

We have reviewed opinion No. 0-1679, particularly the above quoted ruling as relating to your request. We find that the question of "delinquency" of such fees was not considered in our answer to your fourth question, consequently, we will reconsider this portion of the rendered opinion in the light of and along with the above request.

It is not necessary to restate or set forth all of the pertinent statutes or authorities which are found in opinion No. 0-1679, and only such additional authorities as deemed necessary, will be discussed herein.

Article 1027, Vernon's Annotated Code of Criminal Procedure, provides:

"In all cases where a defendant is indicted for a felony but under the indictment he may be convicted of a misdemeanor or a felony, and the punishment which may be assessed is a fine, jail sentence or both such fine and imprisonment in jail, the State shall pay no fees to any officer, except where the defendant is indicted for the offense of murder, until the case has been

finally disposed of in the trial court. Provided the provisions of this Article shall not be construed as affecting in any way the provisions of Article 1019, Code of Criminal Procedure, as amended by Chapter 205, General Laws, Regular Session, Forty-second Legislature; provided this shall not apply to examining trial fees to County Attorneys and/or Criminal District Attorneys."

Article 3892, Vernon's Annotated Civil Statutes, in part provides:

"Any officer mentioned in this Chapter who does not collect the maximum amount of his fees for any fiscal year and who reports delinquent fees for that year, shall be entitled to retain when collected, such part of such delinquent fees as is sufficient to complete the maximum compensation authorized by Articles 3883, 3883-A, and 3886 for the year in which delinquent fees were charged, and also retain the amount of excess fees authorized by law, and the remainder of the delinquent fees for that fiscal year shall be paid as herein provided for when collected; provided, the provisions of this Article shall not apply to any officer after one year from the date he ceases to hold the office to which any delinquent fee is due, and in the event the officer earning the fees that are delinquent has not collected the same within twelve months after he ceases to hold the office, the amount of fees collected shall be paid into the county treasury. . . ."

According to the proviso portion of Article 3892, supra, if the delinquent fees are not collected by the officer earning them within twelve months after he ceases to hold office to which the delinquent fees are due, the amount of fees collected shall be paid into the county treasury. Conversely, if such fees are collected by the officer earning them within the twelve months after he ceases to hold the office, such fees may be applied to making up the officer's maximum according to the preceding provisions of the statutes.

The provisions of Article 3892, particularly the latter portion, were not intended to operate to prevent an officer where he has reported such fees in his fiscal report for the year in which earned and has not collected the maximum amount of his fees for any fiscal year, by reason of the termination of his term of office, from receiving such fees earned which could not be collected by him because of the provisions of Article

1027, C. C. P., before he went out of office. The prohibition section of the statutes goes primarily to the collection of those fees earned and due and payable where collection depends on the efforts of the officer and he is not prevented therefrom by operation of the law.

The word "delinquent" as used in connection with the fee statutes, refers to fees that are due and uncollected, but carries with it the idea of a previous opportunity to collect on the part of the officer earning same. Under Article 3894, Revised Civil Statutes of 1925, before its repeal by the Acts of 1930, Forty-fourth Legislature, Fourth Called Session, all fees due and not collected as shown in the report required by the officers were considered "delinquent fees."

The Legislature in enacting Article 1027, C. C. P., supra, certainly did not contemplate or attempt to make any change in the operation of our fee statutes with reference to the disposition of those fees earned and payable upon presentation to the Comptroller by the methods prescribed. The purpose of such amendment was clearly to eliminate such excess work and bookkeeping required by paying the fees earned prior to the disposal of the case and having same refunded in cases where the offense resulted in a conviction for a misdemeanor. This article, precluding payment of such fees until final disposition of the case was not meant to penalize an officer and deprive him of such fees merely because his term of office had expired prior to the final disposition of the case in which his fees are earned and until such time, by operation of the statute, he is prevented from making a collection.

It is therefore the opinion of this department that in criminal cases to which Article 1027, Vernon's Code of Criminal Procedure, is applicable, where the sheriff earns certain fees which are not collected until more than twelve months after he retires from office when the case is finally disposed of during the term of his successor who makes the collection, such fees are to be classified as delinquent fees, subject to Article 3892, Vernon's Annotated Civil Statutes, and may be received by the ex-officer provided he reported them for the year in which they were charged and the retention of same will not increase his compensation for that year beyond the maximum and excess fees authorized by law. Our answer to the fourth question in Opinion No. 0-1679 is accordingly modified in keeping with the above.

Yours very truly

WMK:LM

ATTORNEY-GENERAL OF TEXAS

APPROVED JUN 8, 1940

ATTORNEY GENERAL OF TEXAS

By

Wm. J. R. King

Assistant

Approved
Opinion Committee
By_____
Chairman